United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ARIEL EDGARDO PENA ESCOBAR, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04907 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARKWAYNE MULLIN, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Ariel Edgardo Pena-Escobar filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 21, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her current detention, after having been previously released into the country, violates the Due Process Clause of the Fifth Amendment. Dkt 1 at ¶¶40–66. It was reassigned to the undersigned on November 10, 2026. Dkt 12.

A prior petition by Petitioner alleged that continued detention violated the Immigration and Nationality Act, bond regulations, and due process. See *Pena-Escobar v Noem*, 4:26-cv-00407 (SD Tex), Dkt 1 (prior petition). On February 27, 2026, that petition was dismissed with prejudice on the merits as foreclosed by the Fifth Circuit's decision in *Buenostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See 4:26-cv-00407 (SD Tex), Dkt 8 (order on dismissal of prior petition).

The present petition asserts that the current claim rests on "materially changed circumstances" from those of

the prior proceeding. Dkt 1 at ¶¶25–32. Petitioner in this regard represents that (i) his detention has continued, and (ii) a BIA appeal is pending. Id at ¶¶27–28.

The Fifth Circuit states that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider prejudice when a petitioner fails to show cause. Id at 118.

Petitioner cannot meet these standards. He alleges that his continued detention violates due process. Id at ¶¶40–66. This claim was raised in the prior petition. He alleges no changed circumstances indicating that his previously denied petition should be reconsidered.

Failure to show *cause* dispenses with the need to consider *prejudice*. But for the avoidance of doubt, even were it proper to consider the merits further, the Fifth Circuit has issued an *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Vegara*, 2026 WL 3181188 (5th Cir Oct 23, 2026). With reference to detention pending

conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5, 9–10. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Sosnava Rodriguez v Vegara*, 2026 WL 3181188, at *11. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

The failure to show cause requires dismissal of the current petition for abuse of the writ.

* * *

The petition for writ of *habeas corpus* by Petitioner Ariel Edgardo Pena-Escobar is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 17, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge